**Edd D. CALDWELL, Petitioner,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs,**

**Charles L. Cragin, Chairman of the Board of Veterans' Appeals,**

**Alonzo M. Poteet, III, Director, Department of Veterans Affairs Regional Office, Waco, Texas, Respondents.**

**No. 91–662.**

United States Court of Veterans Appeals.

July 3, 1991.

**4**

Before FARLEY, Associate Judge.

### ORDER

On April 5, 1991, petitioner filed a petition for a writ of mandamus requesting that action be compelled on his claim which was remanded back to the Regional Office by the Board of Veterans' Appeals (Board) in an October 17, 1989, decision. Petitioner requests that the Court: 1) compel the Waco, Texas Regional Office to submit immediately his claims file to the Board; 2) compel the Board to assign his appeal to the traveling Board to conduct a hearing in Dallas, Texas; and, 3) order the Board to render a decision as quickly as possible after the hearing.

On April 26, 1991, the Court, pursuant to U.S.Vet.App.R. 21(b), ordered respondents to answer the petition. On June 26, 1991, respondents filed a Memorandum in Opposition to Petition for Writ of Mandamus. Respondents argue that the petition should be denied because: 1) the Regional Office has complied with the Board's remand instructions; 2) petitioner's request for a hearing before the traveling Board has been granted and the hearing is scheduled before the Board for July 24, 1991, at the Waco, Texas Regional Office. Memorandum at 7, exhibit 12. Respondents, in their answer, inform the Court that it is the custom and policy of the Department of Veterans Affairs that hearings by the traveling Board in Texas are held at the Waco, Texas Regional Office; however, if the veteran cannot come from Dallas to Waco a telephonic hearing can be arranged between petitioner in Dallas and the Board in Washington. Memorandum at 9.

"Before a court may issue a writ of mandamus, petitioners must show: (1) that they are clearly entitled to the writ; and (2) they lack adequate alternative means to obtain the relief they seek." *Erspamer v. Derwinski*, 1 Vet.App. 3, at 9 (1990) *see* *also Nagler v. Derwinski*, 1 Vet.App. 297, at 303 (1991). Because a hearing before the traveling Board has been scheduled and an alternate means of a telephonic hearing has been offered petitioner, petitioner has received all the relief which he seeks regarding his first two requests. The petitioner's third request, that the Court order the Board to render an opinion as quickly as possible, is premature as the hearing has not yet been held; therefore, no delay has occurred. *cf. Erspamer*, 1 Vet.App. at 12. Therefore, it is

ORDERED that the petition for the writ of mandamus is denied.